UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No. 8:15-CR-116-T-36AEP

GUADALUPE CANDELARIO SOLIS SAINZ
_____/

**SENTENCING MEMORANDUM**

The Defendant, Guadalupe Candelario Solis Sainz, by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), hereby files this memorandum and requests a variance from the advisory guideline range.

I.  Statement of the Case and Outline of the Argument

On July 20, 2015, this Court accepted Mr. Solis Sainz's guilty plea to one count of the Indictment: conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. §§70503(a)(1), 70506(a), and 21 U.S.C § 960 (b)(1)(B)(ii).  (Dkt. 46).

United States probation calculates Mr. Solis Sainz's base level at 31, criminal history II, a range of 121-151 months imprisonment.  Count One carries a mandatory minimum of ten years imprisonment.  However, the United States of America filed a two level 5K1.1 motion for substantial assistance, and such a motion removes the minimum mandatory.  (Dkt. 65).  If granted, Mr. Solis Sainz's advisory guideline range is base level 29, criminal history II, a range of 97-121 months imprisonment.

Mr. Solis Sainz is a good, hard working, family man. He has apologized for his involvement in this crime, and only became involved as a way to financially help his poor family. Accordingly, Mr. Solis Sainz asks this Court to vary from the advisory guidelines based on the section 3553(a) factors.

## II. Sentencing Guidelines Are Advisory

After United States v. Booker, 543 U.S. 2209, 125 S. Ct. 738 (2005), sentencing requires a two-step process. The procedure was further clarified in Gall v. United States, 522 U.S. 38, 128 S. Ct. (2007). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the sentencing range provided by the Guidelines. United States v. Livesy, 525 F.3d 1081, 1089 (11th Cir. 2008). Second, the district court must consider the factors outlined in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the individualized case. Id. Moreover, as Gall makes clear, the sentencing court "must make an individual assessment based on the facts presented." Gall, 522 U.S. at 50.

The Eleventh Circuit has held that district courts have wide discretion in sentencing after Booker. United States v. Williams, 435 F.3d 1350, 1356 (11th Cir. 2006). In Williams, the Eleventh Circuit affirmed the district court's sentence of 90 months imprisonment based on the district court's application of the § 3553(a) factors, even though the applicable guideline range was 188 to 235 months imprisonment. Id. at 1354. In affirming the sentence, the Eleventh Circuit noted that the district court had "disagreed with the 'mechanistic application' of the Guidelines in [the defendant's] case." Id. at 1355. The district court specifically stated that "there are occasions when the guidelines simply produce an unjust result." Id. at 1352. Based on the facts of the case before this Court, a variance based on then section 3553 factors is warranted.

III.  Application of the 18 U.S.C. § 3553(a) Factors

Based on the section 3553(a) factors, this Court should vary from the advisory guideline range.  Under Section 3553, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Paragraph 2 states that the court shall consider a number of factors as outlined below.

### A.  The Nature and Circumstances of the Offense

 Mr. Solis Sainz agreed to act as a drug mule and move cocaine from location to another by boat.  Mr. Solis Sainz is a very small part of a very large enterprise, an enterprise that preys on young poor men with families and entices these men with money.  Mr. Solis Sainz was merely transporting someone else's cocaine in the hopes that he would earn some money to financially help out his struggling family.  This is not an excuse, but an explanation for why Mr. Solis Sainz got involved.  Even probation indicates in the PSR that Mr. Solis Sainz is at the very bottom of the drug enterprise hierarchy and this might warrant a variance from the advisory guideline range.

### B.  Mr. Solis Sainz's Personal History

The "history and characteristics of the defendant" are also among the first factors that a court is instructed to consider in sentencing.  See 18 U.S.C. § 3553(a)(1).  Mr. Solis Sainz is only thirty-one years old.  He is one of six children.  His five sisters all live in Mexico and work seasonally harvesting tomatoes.  Mr. Solis Sainz grew up very poor, and left school early to try and help support his family.

Mr. Solis Sainz is also a father to two children, five and four year old sons.  His current girlfriend has three young children, and Mr. Solis Sainz is both the father figure and financial support for these children.  Mr. Solis Sainz has struggled financially to provide for his family,

and this lead to his decision to become a drug mule, a poor decision, but one made out of financial necessity.

## C.  Adequate Deterrence to Criminal Conduct

Mr. Solis Sainz is facing a long term of incarceration followed by deportation even with a variance from the advisory guideline range.  Mr. Solis Sainz is going to be punished severely for his crime.  A guideline sentence is not necessary to adequately deter future criminal conduct.

## D.  Protect the Public from Further Crimes

The public does not need protection from Mr. Solis Sainz.  His only crime was acting as a drug mule while going through a period of financial desperation.  Mr. Solis Sainz was not coming from the United States and was not on his way to the United States. This Court need not fashion a sentence with an eye to protecting the public from Mr. Solis Sainz.

## IV. Conclusion

Mr. Solis Sainz is a good, hard working, family man.  He left school early to help provide for his family.  As his own family grew, the financial burdens became greater, and Mr. Solis Sainz made the poor decision to act as a mule in the hopes of alleviating some of the financial pressure.  He was wrong, and should be punished, but he also deserves a variance from the advisory guidelines based on the section 3553 factors

Accordingly, Mr. Solis Sainz requests that the Court consider the information outlined in this memorandum in determining his sentence.

Respectfully submitted,


__ s/ William Sansone ___
William F. Sansone, Esq.

    **I HEREBY CERTIFY** that on September 16, 2015, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

AUSA James Zoll, Esq.

   s/ William F. Sansone

WILLIAM F. SANSONE
Sansone Law, P.A
609 West De Leon Street
Tampa, Florida 33606
813/361-0874
FBN 781231
bill@sansone-law.com
